# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of** | Martin Luther King Jr, Federal Bldg. |
| **STEVEN C. MANNION** | & U.S. Courthouse |
| United States Magistrate Judge | 50 Walnut Street |
| | Newark, NJ 07102 |
| | (973) 645-3827 |

October 23, 2020

### LETTER OPINION-ORDER

Re:   D.E. 334, 335, 336
      In re Fetzima
      Civil Action No. 2:17-cv-10230 (ES)(SCM)

Dear Counsel:

Before the Court is a dispute over the deposition of an attorney and a paralegal. Defendants MSN Laboratories Private Limited and MSN Pharmaceuticals Inc. (collectively, "MSN") seek to compel the two depositions.[1] Plaintiffs Allergan Sales, LLC, Forest Laboratories Holdings Limited, Allergan USA, Inc., and Pierre Fabre Medicament S.A.S. (collectively, "Allergan") oppose on grounds of privilege. Counsel discussed the issues with the Court on October 13, 2020 and agreed to limit the depositions of each witness to one hour. The Court, at this point, does not know whether the deponents will be asked about facts or mental impressions, whether the questions will be answered, or privilege will be asserted. Consequently, counsel have been instructed to ask all appropriate questions and pose the appropriate objections before conferring to

---

[1] (ECF Docket Entry No. ("D.E.") 335). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

narrow any dispute and, if necessary, bringing the transcript back to the Court for a decision on any assertion of privilege.

"The examination and cross-examination of a deponent [should] proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615…."[2] The district court in *Hall* observed:

> The underlying purpose of a deposition is to find out what a witness saw, heard, or did—what the witness thinks. A deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness. There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness to formulate answers. The witness comes to the deposition to testify, not to indulge in a parody of Charlie McCarthy, with lawyers coaching or bending the witness's words to mold a legally convenient record. It is the witness—not the lawyer—who is the witness. As an advocate, the lawyer is free to frame those facts in a manner favorable to the client, and also to make favorable and creative arguments of law. But the lawyer is not entitled to be creative with the facts. Rather, a lawyer must accept the facts as they develop.[3]

"Depositions are the factual battleground where the vast majority of litigation actually takes place."[4] For these reasons, the scope of examination during a deposition is broader than permitted at trial.[5]

Counsel are reminded that the Scheduling Order provides that: "No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. No

---

[2] Fed. R. Civ. P. 30(c)(1).

[3] *Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 528 (E.D. Pa. 1993).

[4] *Id.* at 531.

[5] *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499 (6th Cir. 1970).

instruction not to answer shall be given unless privilege is implicated."[6] Relevance objections need not be posed during a deposition, because they are preserved for trial.[7] Permissible objections "must be stated concisely in a nonargumentative and nonsuggestive manner."[8] Counsel therefore

> should not (1) make speaking, coaching or suggestive objections; (2) coach or change the witness's own words to form a legally convenient record; (3) frustrate or impede the fair examination of a deponent during the deposition by, for example, making constant objections and unnecessary remarks; (4) make speaking objections such as "if you remember," "if you know," "don't guess," "you've answered the question," and "do you understand the question"; or (5) state that counsel does not understand the question.[9]

"A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."[10] Relevance is generally not a reason for a witness to refuse to answer or for counsel to

---

[6] (D.E. 34 at ¶ 19).

[7] Fed. R. Civ. P. 32(d)(3)(A)(objections to the relevance of testimony are not waived, even if not asserted at the deposition itself, "unless the ground [for the objection] might have been corrected at that time."); *Hall v. Clifton Precision*, 150 F.R.D. 525, 530 (E.D. Pa. 1993); *see also Quantachrome Corp., Micrometrics Instrument Corp.*, 189 F.R.D. 697, 700 (S.D.Fla.1999) ("It is arguable whether objections based on relevancy should even be made during the deposition.").

[8] Fed. R. Civ. P. 30(c)(2).

[9] *In re Neurontin Antitrust Litig.*, Civ. No. 02-1390 FSH, 2011 WL 253434, at *12 (D.N.J. Jan. 25, 2011), aff'd, Civ. No. 02-1390, 2011 WL 2357793 (D.N.J. June 9, 2011) (citing *Mazzeo v. Gibbons*, Civ. No. 08–1387, 2010 WL 3020021, at *2 (D.Nev. July 27, 2010) and *Hall*, 150 F.R.D. at 530–31).

[10] *Armstrong ex rel. United States v. Andover Subacute & Rehab Ctr. Servs. One, Inc.*, 2020 WL 57947, at *2 (D.N.J. Jan. 6, 2020) (quoting Fed. R. Civ. P. 30(c)(2)).

3

instruct the witness not to answer.[11] The proper procedure is to answer the questions and resolve the objection at pretrial or trial, unless the questions are so pervasive that a motion is appropriate.[12]

"Counsel should never forget that even though the deposition may be taking place far from a real courtroom, with no black-robed overseer peering down upon them, as long as the deposition is conducted under the caption of this court and proceeding under the authority of the rules of this court, counsel are operating as officers of this court. They should comport themselves accordingly; should they be tempted to stray, they should remember that this judge is but a phone call away."[13]

That said, prior to calling the Court or terminating a deposition, counsel must meet and confer in good faith to resolve the dispute.[14] If there is an *impasse*, they should contact the undersigned. If I am not available, counsel should make a record for trial or motion practice by asking all appropriate questions and posing any appropriate objections to complete each deposition to the fullest extent practical.[15]

For the aforementioned reasons, the motion to compel the two depositions is **GRANTED**. Now go make a record.

---

[11] *In re Stratosphere Corp.*, 182 F.R.D. at 618–19 (citations omitted). *See* also *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir.1995) ("It is inappropriate to instruct a witness not to answer a question on the basis of relevance."); *International Union of Elec., Radio and Mach. Workers, AFL-CIO v. Westinghouse Elec. Corp.*, 91 F.R.D. 277 (D.D.C.1981).

[12] *In re Stratosphere Corp.*, 182 F.R.D. at 618–19 (citations omitted). *See* also *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir.1995) ("It is inappropriate to instruct a witness not to answer a question on the basis of relevance.").

[13] *Hall*, 150 F.R.D. at 531.

[14] Fed. R. Civ. P. 37(a)(1); L. Civ. R. 37.1(a)(1).

[15] *See e.g., In re Neurontin Antitrust Litig.*, Civ. No. 02-1390 FSH, 2011 WL 253434, at *12 (D.N.J. Jan. 25, 2011), aff'd, Civ. No. 02-1390, 2011 WL 2357793 (D.N.J. June 9, 2011).

**IT IS SO ORDERED.**



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/23/2020 5:49:47 PM

Original: Clerk of the Court
Hon. Ester Salas, U.S.D.J.
cc: All parties
    File