In re: FETZIMA

Civil Action No. 2:17-cv-10230-ES-MAH
(Consolidated)

**ORDER GRANTING DEFENDANTS'**
**UNOPPOSED MOTION TO REDACT**
**AND SEAL TRANSCRIPT**

*Document Filed Electronically*

**THIS MATTER** having been brought before the Court upon the Motion of Defendants Torrent Pharmaceuticals Limited and Torrent Pharma Inc. (together, "Torrent") and Zydus Pharmaceuticals (USA) Inc. ("Zydus") (together with Torrent, "Defendants"), pursuant to Local Civil Rule 5.3(c), to permanently seal the unredacted version of the transcript of the telephone conference held before the Honorable Esther Salas, U.S.D.J. on June 30, 2020 (ECF No. 416) ("Transcript"); and Defendants having reported to the Court that Allergan Sales, LLC, Allergan Pharmaceuticals International Limited, Allergan USA, Inc., and Pierre Fabre Medicament S.A.S. (collectively, "Plaintiffs") do not oppose the entry of the within Order; and the Court having considered the papers submitted in support of the within Motion; and the Court having found that the standards of Local Civil Rule 5.3(c)(3) have been met and support the sealing of the Transcript as set forth below; and for the reasons set forth in the record of the proceedings, and for other and good cause having been shown;

The Court adopts the following Findings of Fact and Conclusions of Law:

# I. The Nature of the Materials or Proceedings at Issue

## A. Findings of Fact

1. Defendants seek to permanently seal the Transcript.

2. Local Civil Rule 5.3(c) requires the moving party to show:

 (a) the nature of the materials or proceedings at issue;

 (b) the legitimate private or public interests which warrant the relief sought;

 (c) the clearly defined and serious injury that would result if the relief sought is not granted; and

 (d) why a less restrictive alternative to the relief sought is not available.

3. The Transcript that is the subject of this Motion reveals, contains, and/or reflects Defendants' sensitive proprietary commercial and business information regarding Defendants' Abbreviated New Drug Applications ("ANDA") and statutory market exclusivities and production launch dates. Further, this proprietary information is presently confidential and unavailable to the public.

## B. Conclusions of Law

4. Common law recognizes a public right of access to judicial proceedings and records. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

5. This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials

containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).

## II.     The Legitimate Private or Public Interest that Warrants the Relief Sought

### A.     Findings of Fact

6.     The Transcript sought to be sealed consists of information that Defendants assert is confidential and proprietary and has been designated as such under the Discovery Confidentiality Order entered in this matter (ECF No. 82).

7.     Defendants have an interest in not publicly disclosing this information, and rely on such information to gain a competitive advantage in the pharmaceutical industry.

### B.     Conclusions of Law

8.     Courts have recognized that the presumption of public access is not absolute and may be rebutted. *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Littlejohn*, 851 F.2d at 678 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

9.     Courts may deny access to and seal a document when it encompasses business information that might harm a litigant's competitive standing. *See Littlejohn*, 851 F.2d at 678 (citations omitted).

10.     The District of New Jersey has held that the inclusion of trade secrets and other confidential information in documents warrant the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential

commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id.* (citations omitted).

## III.     Clearly Defined and Serious Injury Would Result if the Relief Sought Is Not Granted

### A.     Findings of Fact

11.     In light of its reference to and disclosure of non-public sensitive proprietary commercial and business information including Defendants' ANDA and statutory market exclusivities and production launch dates, that is otherwise unavailable to third parties, the public disclosure of the Transcript would pose a substantial risk of harm to Defendants' legitimate proprietary interests and competitive positions.

12.     If the Transcript were to become publicly available, Defendants' competitors could potentially use that information in the highly competitive generic pharmaceutical marketplace.

### B.     Conclusions of Law

13.     The District Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

14.     Protection of a party's interest in confidential commercial information, such as a trade secret, is a sufficient threat of irreparable harm, and is clearly defined as a serious injury. *See Publicker*, 733 F.2d at 1071.

**IV.** **No Less Restrictive Alternative Is Available**

    **A.** **Findings of Fact**

    15.    The request to redact and seal the Transcript is tailored to restrict access only to Defendants' confidential and proprietary nonpublic commercial and technical information.

    16.    The disclosure of this confidential, proprietary information would pose a financial and competitive risk to Defendants. Accordingly, the only way to protect its confidential interests is to redact and seal the Transcript.

    17.    Only those portions of the Transcript containing confidential and proprietary information will be sealed.

    **B.** **Conclusions of Law**

    18.    The sealing of confidential documents and information is an accepted practice in the District of New Jersey. *See, e.g.*, *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653 (D.N.J. 2004).

    19.    Under Local Civil Rule 5.3(c)(2), the party seeking to seal documents must describe why no less restrictive alternative to the relief sought is available.

    20.    For all the above reasons, and because Defendants' interests in its confidential information in the Transcript identified herein outweigh the minimal, if any, public interest in its disclosure, there is good cause to grant the instant Motion to Redact and Seal with respect to Defendants' confidential information identified below.

    **THEREFORE**, for the above reasons, it is on this 18th day of May, 2021,

    **ORDERED** that the Motion to Seal, pursuant to Local Civil Rule 5.3(c), to permanently seal the transcript of the telephone conference held before the Honorable Esther Salas, U.S.D.J. on June 30, 2020 (ECF No. 416), is hereby **GRANTED**; and it is further

**ORDERED** that the Transcript (ECF No. 416), shall be permanently sealed and maintained under seal by the Court; and it is further

**ORDERED** that, pursuant to L. Civ. R. 5.3(g)(2), Defendants shall submit to the court reporter the redacted version of the Transcript within seven days of the date of receipt of the within Order; and it is further

**ORDERED** that, pursuant to L. Civ. R. 5.3(g)(2), the court reporter shall submit the redacted version of the Transcript to the Clerk of the Court for purposes of electronic filing on the docket.

s/ Michael A. Hammer

**HONORABLE MICHAEL A. HAMMER**
**UNITED STATES MAGISTRATE JUDGE**